UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CASE NO.: 5:09-CV-449-OC-10GRJ

KENNETH A. STOECKLIN, as Agent of
MERLIN S. GAGLE

    Plaintiff,

vs.

UNIVERSAL PROPERTY & CASUALTY
INSURANCE COMPANY,

    Defendant.
_____/

## MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

COMES NOW the Defendant, UNIVERSAL PROPERTY & CASUALTY INSURANCE COMPANY, by and through their undersigned counsel, and files this their Motion to Dismiss for Lack of Subject Matter Jurisdiction, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, and as grounds would state:

1. Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a Defendant to assert lack of subject matter jurisdiction by motion.

2. Plaintiff's Complaint filed herein alleges, as the jurisdictional basis for the suit, the following:

> The parties, Merlin Gagle, Kenneth A. Stoecklin, and AGENT Sheldon-Palmes Insurance, Inc. are residences of Citrus County, Florida. Universal Property & Casualty Insurance Company is a Florida corporation located in Ft. Lauderdale, Florida. Jurisdiction therefore lies in the United States District Court, Middle District of Florida, Ocala Division.

3. The jurisdiction of this Honorable Court over disputes is governed by 28 U.S.C. Section 1330 et. seq., and the Plaintiff herein is required to plead the grounds for this Court's jurisdiction, pursuant to Rule 8(a)(1) of the Federal Rules of Civil Procedure.

4. The Plaintiff's Complaint fails to allege any facts or circumstances, under its jurisdictional allegations or any other part of the Complaint, by which the United States District Court may properly exercise jurisdiction of the subject matter of the instant dispute. The allegations of the Complaint affirmatively suggest that the Plaintiff is making a claim under a policy of insurance issued in the State of Florida; that all parties are individual or corporate residents of the State of Florida; and that there is no diversity of citizenship between the parties or any other circumstances by which Federal Court jurisdiction is properly exercised over this dispute, pursuant to 28 U.S.C. Section 1330 et. seq.

WHEREFORE, Defendant, UNIVERSAL PROPERTY & CASUALTY INSURANCE COMPANY, respectfully requests this Court enter an Order Dismissing the above-styled action for lack of subject matter jurisdiction, and granting any such further relief as the Court deems necessary and just.

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION
TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

COMES NOW the Defendant, UNIVERSAL PROPERTY & CASUALTY INSURANCE COMPANY, by and through its undersigned counsel, and files this its Memorandum of Law in Support of the Motion to Dismiss for Lack of Subject Matter Jurisdiction as set forth above, and as such would state:

**FACTS:**

Based on the allegations of the Complaint, the matter before the Court appears to be a clam

for alleged breach of an insurance contract issued by Universal Property & Casualty Insurance Company to Merlin Gagle. The allegations of the Complaint, and attachments thereto, appear to confirm the following:

A. Merlin S. Gagle was all times material hereto a resident of the State of Florida.

B. Plaintiff, Kenneth A. Stoecklin was at all times material hereto a resident of the State of Florida.

C. Universal Property & Casualty Insurance Company is a Florida corporation.

D. Sheldon-Palmes Insurance, Inc. is a resident of the State of Florida.

E. The policy of insurance issued by Universal Property & Casualty Insurance Company to Merlin S. Gagle was issued in the State of Florida.

F. The policy of insurance issued by Universal Property & Casualty Insurance Company to Merlin S. Gagle was a policy of homeowner's insurance intended to provide coverage for property located within the State of Florida.

G. The incident giving rise to Merlin Gagle's claim for insurance benefit occurred in the State of Florida.

H. The damage to the insured property occurred in the State of Florida.

I. The claims were presented to Universal Property & Casualty Insurance Company in the State of Florida.

J. The general durable Power of Attorney allegedly executed by Merlin S. Gagle, and appointing Kenneth Stoecklin as Attorney-in-Fact provides authority for said Attorney-in-Fact to act on behalf of Merlin S. Gagle as relates to certain property located within the State of Florida.

## ANALYSIS:

28 U.S.C. Section 1332(c) provides that, for the purposes of determining diversity of citizenship, a corporation shall be deemed to be a citizen of any state in which it has been incorporated and of the state where it has its principal place of business "except that in any direct action against an insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-Defendant, such insurer shall be deemed a citizen of the state of which the insured is a citizen, as well as any state by which the insurer has been incorporated and of the state where it has its principal place of business".

Based on the allegations of the Plaintiff's Complaint, it is undisputed that the insured property, the insured, and Universal Property & Casualty Insurance Company are all located in or citizens of the State of Florida, and therefore there is no diversity of citizenship within the contemplation of 28 U.S.C. Section 1332.

Where the record creates doubt as to jurisdiction, the trial Court must determine whether there are adequate grounds to sustain its jurisdiction over the subject matter. *Shahmoon Industries, Inc. vs. Imperto*, 338 F. 2d 449 (3rd Cir. 1964).

The claims made by Plaintiff herein are for breach of contract under state law. Thus, the only basis for Federal subject matter jurisdiction is diversity of citizenship, and it is readily apparent from the Complaint that all parties are citizens of the State of Florida. Therefore, complete diversity does not exist, as required by 28 U.S.C. Section 1332(a), and the Plaintiff's claim should be dismissed for lack of subject matter jurisdiction. *Kelly vs. True*, 2001 U.S. Dist. LEXIS 4037 (N.D. Texas 2001).

WHEREFORE, Defendant, UNIVERSAL PROPERTY & CASUALTY INSURANCE COMPANY, respectfully requests this Court dismissing the Plaintiff's Complaint for Lack of

Subject Matter Jurisdiction, and granting any such further relief as the Court deems necessary and just.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 3rd day of November 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF System which will send a Notice of Electronic Filing to the following: Kenneth A. Stoecklin, as Agent for Merlin Gagle, Post Office Box 307, Crystal River, Florida 34423.

/s/ Richard B. Doyle, Jr.
RICHARD B. DOYLE, JR.
Loughren & Doyle, P. A.
Attorneys for Defendant
506 Southeast Eighth Street
Ft. Lauderdale, Florida 33316
Telephone:    (954) 525-6006
Facsimile:     (954) 525-8012