UNITED STATES DISTRICT COURT
for the
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

KENNETH A. STOEKLIN as agent       CASE NO: 5:09-cv-449-OC-10 GRJ
of MERLIN S. GAGLE,

    Plaintiff,

v.

UNIVERSAL PROPERTY & CASUALTY
INSURANCE CO and
SHELDON PALMES INSURANCE, INC.

    Defendants.
_____/

## MEMORANDUM of LAW
## in SUPPORT of SHELDON PALMES INSURANCE, INC.' s
## MOTION to DISMISS for INSUFFICIENCY of SERVICE of PROCESS

The Defendant, SHELDON PALMES INSURANCE, INC. (Sheldon Palmes) in support of its Motion to Dismiss for Insufficiency of Service of Process offers this Memorandum of Law and states:

1. On October 21, 2009, a Summons and Complaint were delivered to the offices of SHELDON PALMES in Homosassa, Citrus County, Florida. It is believed that the Summons and Complaint were delivered by KENNETH A. STOEKLIN (Stoeklin). In the Complaint, STOEKLIN has alleged that he is acting in capacity as Power of Attorney for MERLIN S. GAGLE (Gagle), the owner of real property in Homosassa, Citrus County, Florida.

2. On October 21, 2009, when the Summons and Complaint were delivered to

DEFENDANT'S EXHIBIT "C"

SHELDON PALMES, they were handed to Regina Greer, an employee of SHELDON PALMES. Pursuant to Ms. Greer's Affidavit which is attached to the Motion as **Exhibit "A,"** she is an employee of SHELDON PALMES and was working as a customer service representative on October 21, 2009. On that same date, she was not an officer or director of SHELDON PALMES nor has she ever held such a position. In addition, Mr. Greer has never been authorized to accept any legal papers on behalf of SHELDON PALMES and has been specifically instructed that she should not accept legal papers on behalf of the corporation. Under these circumstances, Ms. Greer was not the proper person for service of process and the attempt to do so was in clear violation of Federal Rule of Civil Procedure 4(h)(1)(A) & (B).

3. Federal Rule of Civil Procedure 4(h)(1)(B) indicates that service on a corporation under Florida law may be accomplished by *"delivering a copy of the Summons and Complaint to an officer, managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . ."* Based on the Affidavit of Ms. Greer, it is clear that she does not fall into the applicable categories as set forth in the aforementioned Rule and accordingly, service of process on her is improper and void.

4. A second method of serving a corporation with legal papers with a Summons and Complaint under the Federal Rules is found in Federal Rule of Civil Procedure 4(e)(1) wherein it is provided that service of summons may be made by *"following State law for serving a summons in an action brought in courts of general*

Defendant's Memorandum of Law in Support of Sheldon Palmes Insurance, Inc.'s Motion to Dismiss
for Insufficiency of Service of Process
Page 2 of 5 Pages    Served 11/10/09    09-1104    EXHIBIT "C"

*jurisdiction in the State where the District Court is located or where service is made."* In order to comply with this Rule, Plaintiff would need to have followed Florida Statute §48.081 which provides for service on a corporation. That Statute provides that process against any private corporation, domestic or foreign, may be served:

(a) on the president or vice president or other head of the corporation;

(b) in the absence of any person described in paragraph (a) on the cashier, treasurer, secretary or general manager;

(c) in the absence of any person described in paragraph (a), or paragraph (b,) on any director, or

(d) in the absence of any person described in paragraph (a), paragraph (b), or paragraph (c), on any officer or business agent residing in the State.

5. It is clear from a review of the Affidavit of Regina Greer that she does not fall into any of the categories set forth in §48.081 of the Florida Statutes and therefore service on Ms. Greer was void and not in compliance with the Federal Rules. Moreover, the Affidavit of James Chase Palmer, attached as **Exhibit "B,"** specifically points out that Ms. Greer and other and similar employees of SHELDON PALMES had been specifically instructed that they were not authorized to accept service of any legal papers and should not do so.

6. A similar situation occurred in the case of <u>Free State Receivables, Ltd. v. Claims Processing Corp of New Jersey</u>, 76 F.R.D. 85 (D.C. MD, 1977). In the *Free State* case, a marshall attempting to serve a summons left said summons and complaint with a receptionist in the corporate office. The Defendant Claims Processing Corp filed a Motion to Dismiss alleging insufficiency of service of process and also lack of personal

Defendant's Memorandum of Law in Support of Sheldon Palmes Insurance, Inc.'s Motion to Dismiss
for Insufficiency of Service of Process
Page 3 of 5 Pages      Served 11/10/09      09-1104      EXHIBIT "C"

jurisdiction over them. The Defendant Claims Processing Corp argued in their motion, as SHELDON PALMES has done herein, that the manner of delivery of service of process did not comply with F.R.Civ.P. 4 and service should be quashed. The District Court noted that the attempted service of process not only failed to comply with the Federal Rules but also with the applicable Maryland Statutes regarding service on a corporation. The District Court agreed that the service of process was insufficient as a matter of law and granted the Defendant's Motion to Dismiss for insufficient service of process.

7.  A similar decision was reached in the case of Kovalesky v. AMC, 551 F.Supp. 544 (D.C.N.Y. 1982). In that case, the summons and complaint were tossed into the employer's lobby in front of the receptionist who, like Ms. Greer in the instant case, was not authorized to receive service of papers. The Defendant filed a Motion to Dismiss for insufficiency of service of process arguing that placing the papers before the receptionist did not conform to Rule 4 of the Federal Rules of Civil Procedure. The Defendant also submitted affidavits that the service of process was not made by serving any of the appropriate people but instead was tossed in front of a receptionist who was not authorized to receive such service. That court granted the motion to dismiss for insufficiency of service of process.

8.  Federal Rule of Civil Procedure 4 provides that a summons and complaint may be served by following State law or by following the provisions found in §(h)(1)(B) of Rule 4. In this case, the Plaintiffs have not followed either the Federal Rules or Florida State law and as such, their attempt at service of process is insufficient as a matter

Defendant's Memorandum of Law in Support of Sheldon Palmes Insurance, Inc.'s Motion to Dismiss
for Insufficiency of Service of Process
Page 4 of 5 Pages         Served 11/10/09     09-1104    EXHIBIT "C"

of law.  The Defendant SHELDON PALMES respectfully requests that this Court enter an Order granting their Motion to Dismiss the Complaint for insufficiency of service of process.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on **10th** day of **NOVEMBER 2009,** I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system that will send a notice of electronic filing to KENNETH A. STOEKLIN, Acting by and for benefit of MERLIN S. GAGLE, P.O. Box 307, Crystal River, FL 34423, kstoecklin1@tampabay.rr.com.

_____
**DONALD L. O'DELL, ESQ.**
FLB: 248932
*Meier Bonner Muszynski O'Dell & Harvey, P.A.*
37 North Orange Avenue
Suite 1100
Orlando, FL 32801
(407) 872-7774
(407) 872-7997 fax
dlo@fltrialteam.com
Counsel for Defendant SHELDON PALMES INSURANCE

Defendant's Memorandum of Law in Support of Sheldon Palmes Insurance, Inc.'s Motion to Dismiss
for Insufficiency of Service of Process
Page 5 of 5 Pages       Served 11/10/09       09-1104       EXHIBIT "C"