FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

2009 NOV 23  AM 11: 27

CLERK, U.S. DISTRICT COURT
OCALA, FLORIDA

KENNETH A. STOECKLIN, in his
contracted capacity as Power
of Attorney in fact
    Plaintiff

vs                                              Case No. 5:09-cv-449-OC-10GRJ

UNIVERSAL PROPERTY & CASUALTY INSURANCE CO.
and
SHELDON-PALMES INSURANCE, INC.
    Defendants

## MOTION TO VACATE ORDER

        COMES NOW the Plaintiff, KENNETH A. STOECKLIN, to Move this Honorable Court to Vacate the Order of Friday, 13th of November, 2009 which was based on non-self authenticating "Certificate of Service" limiting the alleged "Service" to:

        "...Clerk of the Court by using the CM/ECF System which will send a *Notice of Electronic Filing* to the following: Kenneth A. Stoecklin, as Agent for Merlin Gagle, Post Office Box 307, Crystal River, Florida 34423."

1.    Judicial Notice of **November 18, 2009** described Plaintiff's visit to the Clerk of Court's Office on **November 17** to resolve question of Defendants' *presumed* timely execution of Copy of Universal's "Motion to Dismiss".

2.    At 3:25 pm **November 18, 2009**, Counsel Doyle's office <u>sent</u> e-mail to Plaintiff, attaching copy of letter for U.S.mail discussing suggestions concerning required meeting of parties for Case Management Report and attaching copy of Defendant's **November 3, 2009** Motion to Dismiss. Plaintiff notes

*immediate response* following Plaintiff's inspection of Clerk of Courts' records on **November 17, 2009**, concerning lack of "timely service" of required copy of Motion to Dismiss. E-mail opened by Plaintiff late, **November 18, 2009.**

3. Plaintiff attaches Affidavit dated November 20, 2009 which evidences *non-receipt* of copy of Defendant Universal's Motion to Dismiss from Clerk of Court's electronic notification program or by U.S. Mail. The record does NOT include *evidence* from either the Clerk of Courts or Counsel Doyle which authenticates said "timely Service" of Copy. This violates FRCivP Rule 6 (a)(d).

4. Plaintiff submits that Counsel Doyle did NOT have first-hand knowledge of "service" of copy of Motion on **November 3, 2009..** Plaintiff submits that the Clerk of Courts did NOT submit authentication of her CM/ECF electronic timely "Service" of the copy of Motion to Dismiss.

5. Plaintiff now includes with his MOTION TO VACATE ORDER, the obvious demand that (1) Counsel Doyle and (2) Clerk of the Courts BOTH submit Affidavits of first-hand knowledge to support factual evidence of "timely service" of copy of Motion to Dismiss, on November 3, 2009.

6. Following receipt of requested Affidavits, or lack thereof, Plaintiff Moves the Court to Vacate the Order of November 13, 2009 for lack of admissible evidence to support "service" of copy of "timely filed" Motion to Dismiss, by Defendant Universal, dated November 3, 2009.

Respectfully submitted,
KENNETH A. STOECKLIN, in his contracted capacity
 as Power of Attorney for MERLIN S. GAGLE

*/s/ Kenneth A. Stoecklin*
P.O. Box 307, Crystal River, Florida 34423
 Phone 352-795-5980
 e-mail: kstoecklin1@tampabay.rr.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the within Motion to Vacate Order was mailed this 21st day of November, 2009 to Richard B. Doyle, Jr., Loughren & Doyle, P.A. 506 S.E. Eighth Street. Fort Lauderdale, Florida 33316.

*/s/ Kenneth A. Stoecklin*

MEMORANDUM OF LAW
SUPPORTING PLAINTIFF'S MOTION TO VACATE ORDER
(Case 5:09-cv-449-OC-10GRJ)

Plaintiff files this Motion to Vacate Order of November 13, 2009 to correct an Official Record (FRCivP Rule 44 (a)(1)(B) due to *absence of evidence* to support Copy to Plaintiff of Motion to Dismiss.

Application by Plaintiff for vacating Order of November 13, 2009 is to secure relief from Order as due Plaintiff (FRCivP Rule 60 (b)(1).

Plaintiff requests this Honorable Court for a Default Judgment to be issued by the Clerk of Courts based on FRCivP Rule 77, (c)(2)(B) and Rule 55 (b)(1).

*Plaintiff notes for the record that a Disclosure Statement is missing* from MOTION TO DISMISS. FRCivP Rule 7.1  Omission is alleged that Monumental is a totally owned subsidiary of Universal Insurance Holding Co., a Florida corporation, which is a totally owned subsidiary of Universal Insurance Holdings, Inc. a Delaware corporation with Florida offices at same address as Universal Property and Casualty Insurance Co..
See Exhibit C.

Submitted by Plaintiff.              /s/ Kenneth A. Stencler.

# AFFIDAVIT

STATE OF FLORIDA    :
COUNTY OF CITRUS   : ss

     I, Kenneth A. Stoecklin, of adult years and competent to testify, do hereby, under oath and penalty of perjury, state the following with respect to the District Court's Order dated November 13, 2009 (Case 5:09-cv-449-OC-10GRJ):

1. As Plaintiff in this Case, I was <u>not</u> served copy of Defendant Universal Property & Casualty Insurance Co.'s "MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION", either by electronic program submission by the Clerk of Court's office, or by U.S Post Office mail, from date of alleged issue (November 3, 2009) to this date - November 20, 2009 at 11:59 AM EST.

     Further Affiant sayeth naught.

*[signature: Kenneth A. Stoecklin]*

Sworn to before me and acknowledged in my presence, this 20th day of November, 2009.

*[signature: James D. Segovia]*

JAMES D. SEGOVIA
Notary Public - State of Florida
My Comm. Expires Dec 11, 2012
Commission # DD 839995
Bonded Through National Notary Assn.