FILED

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

2009 DEC -1  AH 10: 41

CL.            COURT

**KENNETH A. STOECKLIN, in his contracted**
 **capacity as Power of Attorney in fact**
  **Plaintiff**

**vs**                                     Case No. 5:09-cv-449-OC-10GRJ

**UNIVERSAL PROPERTY & CASUALITY**
**INSURANCE COMPANY, and**
**SHELDON-PALMES INSURANCE, INC.**
  **Defendants**

_____

## RENEWED
## MOTION FOR ENTRY OF CLERK'S DEFAULT

_____

COMES NOW the Plaintiff, KENNETH A. STOECKLIN, in his

contracted capacity as Power of Attorney for MERLIN S. GAGLE,

renewing entry of Motion for Clerk's Default  for $136,000 against the

Insurance carrier, UNIVERSAL PROPERTY & CASUALTY INSURANCE

CO. (hereafter "UNIVERSAL") and co-defendant SHELDON-PALMES

INSURANCE, INC.,   and presents the following data in support thereof:

1.   Both co-Defendants filed "Motion to Dismiss" in lieu of "Answer"  to

the Complaint.

2.  Both co-Defendants' "Certificate of Service" used electronic filing  with

the Clerk of Courts' "CM/ECF" program "which will send a notice of

electronic filing to (Plaintiff)".

3.  Plaintiff received **NO NOTICE** of *either* "Motion to Dismiss", thereby in violation of fundamental requirement of "Notice", and VOIDS effectiveness of "Motions to Dismiss". See "Judicial Notice".

4.  Absence of "Service of Motion" VOIDS the basis of the Court's "ORDER" of November 13, 2009.

5.  Absence of "Service of Motion" from BOTH Defendants, and election to use FRCivP Rule 12 (b)(5) Motion in lieu of Answer to Complaint, now places BOTH Defendants in Default of 20-day Service requirement of Summons.

6.  Violation of 20-day Answer to Complaint establishes *agreement* to allegations of Complaint - BOTH Defendants.

7.  Therefore FRCivP authorizes the Clerk of Court to issue Default Order against BOTH Defendants in amount of claimed damages, $136,000.00. *Primary and contractual liability* is that of UNIVERSAL; with *guarantee* of liability assigned to SHELDON-PALMES.

MEMORANDUM IN SUPPORT of this Motion for Entry of Clerk's Default is attached and made a part hereof.

Respectfully submitted,

KENNETH A. STOECKLIN, in his contracted capacity
as Power of Attorney for MERLIN S. GAGLE
   P.O. Box 307, Crystal River, Florida 34423
   Phone 352-795-5980
   e-mail: kstoecklin1@tampabay.rr.com

## MEMORANDUM IN SUPPORT OF
## RENEWED MOTION FOR ENTRY OF CLERK'S DEFAULT

Plaintiff presents argument and Federal Rules of Civil Procedure

(FRCivP) to support sequential events by Defendants UNIVERSAL and

SHELDON-PALMES itemized in attached Motion, more specifically:

1.      Par. 1, 2,and 3 refer to Defendants certification as to <u>Clerk's</u> NOTICE  by

electronic program "CM/ECF" as reliance on Notice of Service to Plaintiff.

The ultimate fact that Plaintiff did NOT receive required "Notice" of Defendants'

"Motion to Dismiss" was Noticed to the Court by "Judicial Notice" of

November 18, 2009 and Affidavit attached.  FRCivP 5 (a)(1) states:

*"each ... paper ... must be served on every party".*  No exceptions.

2.      BOTH Defendants used Clerk of Court's electronic system for service

to Plaintiff.  FRCivP Rule 5 (a) (1) (B).   Defendants *presumed*  that electronic

service by the Clerk of Court would "serve" Plaintiff.   The critical error in

such "service" is noted in FRCivP Rule 5 (b) (2) (F) *"delivering it by any other*

*means that the person* **consented** *in writing".*   Plaintiff *has* <u>not consented</u> to

use of or by any electronic programs "CM/ECF" or otherwise,  and has never

qualified for participation in such electronic "service" programs.

        a.      Discovery, through Admissions or Interrogatories, would evidence

lack of participation of Plaintiff in such programs.

                (1).  It is presumed that neither Defendant UNIVERSAL or

SHELDON-PALMES investigated participation of Plaintiff prior to said

Certifications of Service.

(2.) It is presumed that the Clerk of Courts or Deputy responsible, did not advise the Court of Plaintiff's <u>non-participation</u> at the Court's decision of ORDER dated November 13, 2009.

3.    Affidavit of Absence of Service of "Moti<u>on</u>s to Dismiss" attached.

4.    Inadequate and ineffective "Moti<u>on</u>s to Dismiss" removes substitute for "Answers" to Complaint and directs attention to original Complaint and the requirement of 20-day response time for original Complaint.  See Summons.

THEREFORE, with no "Answer" to original Complaint by either Defendant, the result of Summons declaration "...*or judgment by default would be entered against you for the relief demanded"* is now before the Clerk of Courts for Default entry.

KENNETH A. STOECKLIN, Plaintiff

## AFFIDAVIT

STATE OF FLORIDA  :
COUNTY OF CITRUS : ss


I, Kenneth A. Stoecklin, of legal age and competent to testify, do so state, under penalty of perjury:


1. That (Plaintiff) KENNETH A. STOECKLIN, in his contracted capacity as Power of Attorney in fact for MERLIN S. GAGLE, hereby states that he received NO timely copy of alleged "Motion to Dismiss" from either Defendant - Universal Property and Casualty Insurance Co. or Sheldon-Palmes Insurance, Inc. or their Noticed Counsel.


Further, Affiant sayeth naught.

Sworn to before me and signed in my presence this  November 30, 2009.

BY KENNeth A. Stoecklin

Known to me.

CAROL J. HUDGE
Notary Public - State of Florida
My Comm. Expires Aug 31, 2013
Commission # DD 886557
Bonded Through National Notary Assn.

# Merlin S. Gagle Florida Home Burned May 4,2009





## CERTIFICATION OF SERVICE

Plaintiff KENNETH A. STOECKLIN hereby certifies that a copy of the
within Motion for Clerk of Courts' DEFAULT was mailed this 30th day
of November, 2009 to Richard B. Doyle, Jr, Loughren and Doyle, P.A.,
Noticed Counsel for UNIVERSAL, and to SHELDON-PALMES
INSURANCE, INC., in absence of failed Noticed Counsel for
SHELDON-PALMES INSURANCE, INC.