UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CASE NO.: 5:09-CV-449-OC-10GRJ

KENNETH A. STOECKLIN, as Agent of
MERLIN S. GAGLE

    Plaintiff,

vs.

UNIVERSAL PROPERTY & CASUALTY
INSURANCE COMPANY,

    Defendant.

_____/

**DEFENDANT UNIVERSAL PROPERTY & CASUALTY INSURANCE COMPANY'S MEMORANDUM IN OPPOSITION TO MOTION TO VACATE ORDER**

COMES NOW the Defendant, UNIVERSAL PROPERTY & CASUALTY INSURANCE COMPANY, by and through their undersigned counsel, and files this its Memorandum in Opposition to Plaintiff's Motion to Vacate Order, and as such would state:

**FACTS**

Plaintiff filed the instant action, alleging breach of contract on the part of this Defendant, on October 13, 2009. The Complaint was purportedly served upon Universal Property & Casualty Insurance Company on or about October 16, 2009.

The undersigned, on behalf of Universal Property & Casualty Insurance Company, timely filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction on November 3, 2009.

Plaintiff filed a Request for Default Judgment against Universal Property & Casualty Insurance Company, over certificate of service dated November 10, 2009. This Court entered an

Order denying Plaintiff's Request for Default Judgment on November 13, 2009, specifically finding that Universal Property & Casualty Insurance Company had timely filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction on November 3, 2009.

Plaintiff has filed a Motion to Vacate Order, over certificate of service dated November 21, 2009. Said Motion contends that Defendant's Motion to Dismiss was not served on counsel for the Plaintiff. However, at Paragraph 2 Plaintiff's Motion to Vacate Order concedes that Plaintiff's counsel has received the Motion to Dismiss, as follows:

> 2. At 3:25 p.m. November 18, 2009, counsel Doyle's office sent e-mail to Plaintiff, attaching copy of letter for US mail discussing suggestions concerning required meeting of parties for Case Management Report and attaching copy of Defendant's November 13, 2009 Motion to Dismiss. Plaintiff notes immediate response following Plaintiff's inspection of Clerk of Court's records on November 17, 2009 concerning lack of "timely service" of required copy of Motion to Dismiss. E-Mail opened by Plaintiff late, November 18, 2009.

Plaintiff apparently seeks relief pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure, and further requests correction of an official record pursuant to Rule 44(a)(1)(B) of the Federal Rules of Civil Procedure, and the entry of a Clerk's Default pursuant to Rule 77(c)(2)(B) and Rule 55(b)(1) of the Federal Rules of Civil Procedure.

## ARGUMENT

1. PLAINTIFF'S MOTION FOR RELIEF UNDER RULE 60(B) OF THE FEDERAL RULES OF CIVIL PROCEDURE IS NOT APPROPRIATE.

Rule 60(b) of the Federal Rules of Civil Procedure applies only to Motions for Relief from Final Judgments, Orders or proceedings. *Longstreth vs. Coppel*, 189 FRD 401 (N.D. Iowa 1999).

An interlocutory order is not within the scope of Federal Rule of Civil Procedure 60(b),

which applies only to "final" judgments and orders. *Franzon vs. Massina Memorial Hospital*, 189 FRD 220 (N.D. N.Y. 1999).

Accordingly, to the extent that Plaintiff's Motion to Vacate Order has been filed pursuant to Rule 60(b), the motion is improper and should be denied.

2. THERE IS NO BASIS FOR CORRECTING ANY OFFICIAL RECORD.

The Plaintiff also seeks to correct an official record, pursuant to Rule 44(a)(1)(B) of the Federal Rules of Civil Procedure. Said rule provides as follows:

> Rule 44.  Proving an Official Record
>
> (a). Means of proving.
>
> > (1) Domestic record.  Each of the following evidences and official record - or an entry in it - that is otherwise admissible and is kept within the United States, any state, district, or common wealth, or any territory subject to the administrative or judicial jurisdiction of the United States:
> >
> > (B) A copy attested by the officer with legal custody of the record - or by the officer's deputy - and accompanied by a certificate that the officer has custody.  The certificate must be made under seal:
> >
> > > (i) By a Judge of a Court of record in the district or political sub-division where the record is kept; or
> > >
> > > (ii) By an public officer with a seal of office and with official duties in the district or political sub-division where the record is kept.

Rule 44 provides no basis for correcting any official record, of this Court or otherwise. Plaintiff provides no legal basis, factual basis, or any other grounds to correct any part of the record before the Court, and therefore, to the extent that the Motion to Vacate is based on Rule 44 of the Federal Rules of Civil Procedure, the motion should be denied.

3. THERE IS NO BASIS FOR THE ENTRY OF A DEFAULT AGAINST UNIVERSAL PROPERTY & CASUALTY INSURANCE COMPANY.

Rule 55(a) of the Federal Rules of Civil Procedure provides as follows:

> (a) Entering a Default.
> When a party against whom a judgment or affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit, or otherwise, the clerk must enter the parties' default.

The filing of a Motion to Dismiss constitutes defending an action within the meaning of Federal Rules of Civil Procedure 55(a). *Hudson vs. North Caroline*, 158 FRD 78 (E.D.N.C. 1994). The record of this Court, as recited in the November 13, 2009 Order of United States Magistrate Judge Gary R. Jones, establishes that Universal Property & Casualty Insurance Company has appeared and filed motions which constitute a defense of the action, and therefore the entry of a default against this Defendant is not appropriate.

Plaintiff's Motion to Vacate suggests that the Court and/or undersigned counsel failed to serve a copy of this Defendant's Motion to Dismiss upon counsel for the Plaintiff. This contention is rebutted by the Plaintiff's own pleadings, which admit that he received a copy of the Motion to Dismiss on November 18, 2009.

As to any failure on the part of the Court to serve the pleading or notice of the pleading upon Plaintiff's counsel, the undersigned is in no position to admit or deny such matters.

As to the alleged failure of the undersigned to provide a copy of the Motion to Dismiss to Plaintiff's counsel at the time the document was filed with the Court, without admitting that any such failure occurred, even if there was some delay in providing a copy of the motion to Plaintiff's counsel, such delay does not provide a basis for the entry of a default against this Defendant. Even if Defendant's Motion to Dismiss had been filed late, where the delay did not prevent the Plaintiff

from filing a response or otherwise prejudice the Plaintiff, there is no basis for the entry of a default. *Jackson vs. Mahoney*, 1997 U.S. App. LEXIS 14941 (2d Cir. 1997). The Court must respect the usual preference that cases be heard on the merits rather than resorting to sanctions, including a default judgment, that deprive a litigant of his day in Court. *Wahl vs. McIver*, 773 F. 2d 1169 (11th Cir. 1985).

Accordingly, Defendant, Universal Property & Casualty Insurance Company would respectfully suggests that there is no basis for the entry of a default on the facts of this matter, and Plaintiff's Motion to Vacate, and all relief requested therein, should be denied.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 3rd day of December 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF System. I further certify that I forwarded the foregoing document and the notice of electronic filing by US Certified Mail, return receipt requested, (**Certified Article No.: 7009 0960 0000 6639 3354**), to the following non-CM/ECF participant: Kenneth A. Stoecklin, as Agent for Merlin Gagle, Post Office Box 307, Crystal River, Florida 34423 and via CM/ECF system to Donald L. O'Dell, Esquire, Meier Bonner Mustzynski O'Dell & Harvey, P. A., 37 North Orange Avenue, Suite 1100, Orlando, Florida 32801.

/s/ Richard B. Doyle, Jr.
RICHARD B. DOYLE, JR.
Loughren & Doyle, P. A.
Attorneys for Defendant
506 Southeast Eighth Street
Ft. Lauderdale, Florida 33316
Telephone: (954) 525-6006
Facsimile: (954) 525-8012
Email: efile@loughren-doyle.com