UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

KENNETH A. STOECKLIN, in his contracted
capacity as Power of Attorney in fact,

           Plaintiff,

v.                                        Case No.  5:09-cv-449-Oc-10GRJ

UNIVERSAL PROPERTY & CASUALTY
INSURANCE COMPANY, SHELDON-PALMES
INSURANCE, INC.,

           Defendants.
_____

## ORDER

Pending before the Court is Plaintiff's Motion To Vacate Order (Doc. 9) to which Defendant, Universal Property & Casualty Insurance Company ("Universal") filed a response in opposition (Doc. 12), and Plaintiff's Renewed Motion For Entry Of Clerk's Default. (Doc. 10.)

Plaintiff previously filed a Request For Default Judgment (Doc. 6), requesting that a clerk's default be entered against Defendant Universal because Universal had not responded to Plaintiff's Complaint.   On November 13, 2009, the Court entered its Order denying Plaintiff's request because "a review of the docket reveals that on November 3, 2009, Universal timely filed its Motion To Dismiss For Lack Of Subject Matter Jurisdiction." See  Doc. 7.  Now, Plaintiff has moved to vacate that Order "for lack of admissible evidence to support 'service' of copy of 'timely filed' Motion To Dismiss" by Universal.  Plaintiff has also filed a Renewed Motion For Entry Of Clerk's Default (Doc. 10) requesting that a clerk's default be entered against Universal, as well as co-defendant, Sheldon-Palmes Insurance, Inc. ("Sheldon-Palmes.")

Pursuant to Rule 55(a), Fed.R.Civ.P., "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the parties' default." According to the Court's docket, Universal timely filed its motion to dismiss on November 3, 2009 (Doc. 3) and notice of the electronic filing of the motion to dismiss was sent to Plaintiff's address on file with the Court – P.O. Box 307, Crystal River, Florida 34423. Likewise, Sheldon-Palmes timely filed its motion to dismiss on November 10, 2009 (Doc. 4) and notice of the electronic filing of the motion to dismiss was sent to Plaintiff's address. The docket does not reflect that any mail has been returned to the Court.

Because both defendants timely defended this action by filing motions to dismiss, there is no basis for the Clerk to enter default. Moreover, even if there was some delay (on the part of Defendants or the Court) in providing a copy of the motions to Plaintiff, such delay does not provide a basis for the entry of a default against the Defendants.[1]

Accordingly, Plaintiff's Motion To Vacate Order (Doc. 9) is due to be **DENIED** and Plaintiff's Renewed Motion For Entry Of Clerk's Default (Doc. 10) is due to be **DENIED**.

**IT IS SO ORDERED.**

**DONE AND ORDERED** in Ocala, Florida, on December 4, 2009.

GARY R. JONES
United States Magistrate Judge

Copies to:
All Counsel
*Pro Se* Plaintiff

---

[1] Indeed, Plaintiff concedes that he received a copy of Universal's motion to dismiss on November 18, 2009. See Doc. 9 at ¶2.

2