FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

2009 DEC 11  AM 10: 39

CLERK, U.S. DISTRICT COURT
OCALA, FLORIDA

KENNETH A. STOECKLIN, in his contracted
capacity as Power of Attorney
    Plaintiff

vs                                    Case No. 5:09-cv-449-OC-10GRJ

UNIVERSAL PROPERTY & CASUALTY INSURANCE CO.
and
SHELDON-PALMES INSURANCE, INC.
    Defendants

## SECOND JUDICIAL NOTICE

Plaintiff notes for the record and Objects to the following deficiencies cited by the Court as basis for Order of December 4, 2009:

1.   (Page 2) "Universal timely filed its motion to dismiss on November 3, 2009 (Doc. 3) and _notice of the electronic filing of the motion to dismiss was sent to Plaintiff's address on file with the Court_ -- P.O. Box 307, Crystal River, Florida 34423."    This is NOT true.  Additionally, there exists no Affidavit to support.

2.   During telephonic discussion with (probable) Deputy Clerk "Lisa", she acknowledged that she prepared the document record for Magistrate Judge Gary Jones. When asked about Counsel Doyle's "certification" (following electronic filing of Motion to Dismiss) that "...(Clerk of Courts) " _will send_ a Notice of Electronic Filing to...(Plaintiff)", "Lisa" said that the Attorney was wrong..that the Clerk's Office does not send electronic "Notice" in EM/ECF program.

3.   Footnote 1 on said Order of December 4, 2009 "Indeed, Plaintiff concedes that he received a copy of Universal's motion to dismiss on November 18, 2009". Correct; but deserves a better explanation.   Plaintiff's "Judicial Notice" of November 18, 2009

Noticed this Honorable Court and Defendant Universal of Plaintiff's personal visit to the Clerk of Court's office on **November 17, 2009** to **investigate** why Plaintiff's *Request for Clerk's Order of Default* (for timely lack of Answer to Complaint or Rule 12 Motion) was VOIDED by the Court's Order of (Friday) November 13, 2009; the Court noting that Universal had timely filed a Motion to Dismiss (electronically) on November 3, 2009.

Par. 6 of the first Judicial Notice states: *"To this date, Plaintiff has not been properly served with Universal's (Doc.3) Motion to Dismiss, by mail or e-mail"*.

4. By pure coincidence, or contact from Clerk Deputy, Universal's Counsel Doyle sent an e-mail to Plaintiff on November 18, (pm) describing an unimportant subject, and then, in sneaky approach, "attached" to the e-mail a copy of Universal's "Motion to Dismiss". Plaintiff did not "consent in writing" to electronic or FAX service. (FRCivP Rule 5 (b) (2) (E) and 5 (b) (3). Thus, *IF* Plaintiff was properly "served" on **November 18, 2009 (pm) of** Document used by this Court on **November 3**, the Court's Denial of Plaintiff's Request for Clerk's Order of Default is claimed Defective.

5. Coincidentally, Universal's "Motion to Dismiss", Doc. 3, purportedly dated November 3, 2009, required an included statement concerning *disclosure* of controlling ownership; *it was absent*. When objected to by Plaintiff, Universal's Counsel filed a separate "Disclosure Statement" allegedly dated December 2, 2009; copy sent by Certified Mail to Plaintiff, Mailing timing unknown, but received by Plaintiff Monday, December 7, 2009. (Local Rule 1.07 (c)) FRCivP 7.1 (a)(1) procedure for filing Disclosure, incorrectly followed by Universal Counsel.

6. *Pro Se* Plaintiff Complains that "corrective actions" by Universal Counsel appear *immediately* after discovery by Plaintiff, which indicates possible violation of FlaBar Lawyer Regulation, Rule 3-4.3 Misconduct.

Respectfully submitted,

*/s/ Kenneth A. Stoecklin*

KENNETH A. STOECKLIN in his contracted capacity
of Power of Attorney for Merlin S. Gagle
P.O. Box 307, Crystal River, Florida 34423
Phone 352-795-5980
e-mail: kstoecklin1@tampabay.rr.com

## CERTIFICATION

I hereby certify that a copy of the within Judicial Notice was mailed December 10, 2009 to Richard B. Doyle, Jr., Loughren & Doyle, P.A. 506 S.W. Eighth Street, Fort Lauderdale, Florida 33316.

*/s/ Kenneth A. Stoecklin*