UNITED STATES MIDDLE DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

KENNETH A. STOECKLIN, as agent of
MERLIN S. GAGLE,

Plaintiff,

v. Case No. 5:09-cv-449-Oc-10GRJ

UNIVERSAL PROPERTY & CASUALTY
INSURANCE CO. and SHELDON
PALMES INSURANCE, INC.,

Defendants.

---

## REPORT AND RECOMMENDATION[1]

Pending before the Court is Defendant Universal Property & Casualty Insurance Company's Motion to Dismiss For Lack of Subject Matter Jurisdiction (Doc. 3), to which Plaintiff has filed a response entitled "Reply To Possible Motion To Dismiss By Universal Property & Casualty Insurance Co." (Doc. 15).[2] For the following reasons, Defendant's Motion to Dismiss For Lack of Subject Matter Jurisdiction is due to be **GRANTED**.

## I. INTRODUCTION

This action is brought by the Plaintiff, *pro se*, purportedly on behalf of Merlin Gagle ("Gagle"), a homeowner, for recovery of damages against the insurance

---

[1] Specific written objections may be filed in accordance with 28 U.S.C. § 636, and Rule 6.02, Local Rules, M.D. Fla., within fourteen (14) days after service of this report and recommendation. Failure to filed timely objections shall bar the party from a *de novo* determination by a district judge and from attacking factual findings on appeal.

[2] In addition, Plaintiff has filed - without permission from the Court - a document entitled "Judicial Notice," which includes several documents attached to it. (Doc. 20.) With the Court's permission the Defendant filed a Response (Doc. 23), which included as an exhibit a print-out of the Defendant's corporate status as reflected on the web-site of the Florida Department of State, Division of Corporations.

company, insuring Gagle's residence for a fire loss to her home located in Citrus County, Florida. Plaintiff, a Florida citizen, alleges that he is authorized to bring this action as an agent under a power of attorney executed by Gagle, who also is a Florida citizen. As alleged on the face of the Complaint Defendant, Universal Property & Casualty Insurance Company ("Universal") is a Florida corporation located in Ft. Lauderdale, Florida. Plaintiff alleges that Universal is a wholly owned subsidiary of Universal Insurance Holding Co. of Florida, Inc. a Florida corporation, with the same principal place of business, which in turn is a wholly owned subsidiary of Universal Insurance Holdings, Inc., a Delaware corporation, also with its principal place of business at the same address in Ft. Lauderdale as Universal. The citizenship of Universal is further confirmed in the print-out from the Florida Department of State, Division of Corporations, which reflects that Universal is a Florida profit corporation incorporated in 1997 with its principal place of business located at 1110 W. Commercial Blvd., Ft. Lauderdale, Florida.[3] Plaintiff alleges on the face of the Complaint that the other Defendant, Sheldon-Palmes Insurance, Inc., is a Florida corporation, located in Homosassa, Florida. Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, Defendant requests that the Court dismiss Plaintiff's Complaint because there is not complete diversity of jurisdiction in that all of the parties are citizens of Florida.

## II. STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenging subject matter jurisdiction may be directed at two different types of defects.

---

[3] Doc. 23, Ex. A.

The first type is a "facial attack" which "requires the court merely to look to see if plaintiff has sufficiently alleged a basis of subject matter jurisdiction . . . ."[4] A "factual attack," on the other hand, "challenges the existence of subject matter jurisdiction in fact, irrespective of the pleadings."[5] Thus, where there is a factual attack, although the allegations of the complaint are taken as true, the allegations may be tested by extraneous evidence. In other words, "no presumptive truthfulness attaches to plaintiffs' allegations and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims."[6] When the attack is facial the allegations of the complaint are taken as true for purposes of the motion.[7]

## III. DISCUSSION

One of the oldest and most fundamental propositions of federal law is the requirement of complete diversity of citizenship between all defendants and all plaintiffs under 28 U.S.C. 1332.[8] Once challenged, the party asserting diversity jurisdiction has the burden of establishing jurisdiction by a preponderance of the evidence.

For purposes of determining the citizenship of a corporation, 28 U.S.C. § 1332(c)(1) provides that: "[A] corporation [is] deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of

---

[4] Menchaca v. Chrysler Credit Corp., 613 F.2d 507, 511 (5th Cir.), *cert denied*, 449 U.S. 953 (1980).

[5] *Id.*

[6] Lawrence v. Dunbar, 919 F.2d 1525, 1528-29 (11th Cir. 1990) (*per curium*).

[7] Menchaca, at 511.

[8] Fritz v. Am. Home Shield Corp., 751 F.2d 1152, 1152 (11th Cir. 1985).

business . . . ."[9] A corporation is, therefore, a citizen of both its state of incorporation and the state where it maintains its principal place of business.[10] Because the Plaintiff has alleged that Universal is located in Ft. Lauderdale, Florida - and the print-out from the Secretary of State confirms that Universal has its principal place of business in Ft. Lauderdale, Florida - Universal is considered a citizen of Florida, both because it was incorporated in Florida and because that is the state where its principal place of business is located.[11] Accordingly, there is not complete diversity of citizenship between the Plaintiff (a Florida citizen) and all of the Defendants and, therefore, the Court does not have subject matter jurisdiction over this case under 28 U.S.C. § 1332.

In response to Defendant's assertion that there is not complete diversity of citizenship Plaintiff points to the citizenship of Universal Insurance Holdings, Inc. ("Universal Holdings"), a Delaware corporation - the parent of the parent of Universal. According to Plaintiff,[12] Universal is a totally owned subsidiary of Universal Insurance Holding Co. of Florida, a Florida corporation, which in turn is a totally owned subsidiary of Universal Holdings, a Delaware corporation. There are three fundamental problems with Plaintiff's position.

First, subsidiary and parent corporations are generally considered to be separate

---

[9] 28 U.S.C. § 1332(c)(1)..

[10] MacGinnitie v. Hobbs Group, Inc., 420 F. 3d 1234, 1239 (11th Cir. 2005).

[11] In the Eleventh Circuit the "total activities test" is used to determine where a corporation's principal place of business is located. Mac Ginnitie at 1237. In this case, the Plaintiff alleges that Universal is located in Ft. Lauderdale, Florida. Further, Plaintiff has not suggested that Universal's office is located at any other location. Indeed, Plaintiff alleges in the Complaint that Universal's parent and the parent of its parent also have their respective offices at the same location in Ft. Lauderdale, Florida.

[12] This is also confirmed by Defendant in its Disclosure Statement. (Doc. 11.)

entities for diversity jurisdiction purposes.[13] A subsidiary corporation does not have the citizenship of its parent for diversity purposes, absent a showing that the corporation and its parent have not preserved their separate corporate identities.[14] In short, the citizenship of a wholly owned subsidiary cannot be imputed to the parent corporation, for purposes of diversity jurisdiction analysis, absent evidence that the subsidiary was an alter ego of the parent.[15]

In this case, Plaintiff fails to offer any information suggesting that the degree of control of the corporate affairs of Universal was such that Universal Holdings should be considered the alter ego of Universal. Where, as here, the parent company owns all of the subsidiary's stock and to that extent has control through its ownership, the court is not justified in ignoring the otherwise separate character of the two corporations.[16]

Moreover, Universal Holdings is not even the direct parent of Universal but rather is the parent of Universal Insurance Holding of Florida, Inc., a Florida corporation. Thus, the parent of Universal is also a Florida corporation and as such Plaintiff would have to show that Universal Holdings was the alter ego of the parent of Universal, which in turn was the alter ego of Universal. The record is devoid of any facts to suggest that the corporate veil should be pierced for purposes of determining diversity jurisdiction.

---

[13] *See, e.g.* Dernick v. Bralorne Res. Ltd., 84 F.R.D. 92, 94 (S.D. Tex. 1979).

[14] *See. e.g.* Torres Vazquez v. Commercial Union Ins. Co., 417 F. Supp. 2d 227 (D.P.R. 2006).

[15] CIGNA HealthCare of St. Louis, Inc. V. Kaiser, 181 F.Supp. 2d 914 (N.D. Ill. 2002).

[16] Riveria Sanchez v. MARS, Inc., 30 F.Supp.2d 187 (D.P.R. 1998).

The Court need not, however, engage in any factual inquiry to determine whether Universal Holdings should be considered the alter ego of Universal because even if Plaintiff could prove Universal was the alter ego of Universal, the alter ego analysis only is relevant for purposes of determining where the principal place of business is located and has no bearing upon determining where a corporation is incorporated.[17] Thus, where, as here, it is established through the public records the state of incorporation of the subsidiary, there is no need to go further to determine the state of citizenship of the corporation.[18] Accordingly, because there is no dispute that Florida is the state of incorporation of Universal - and therefore is a citizen of Florida for purposes of diversity - there is not diversity of citizenship between the Plaintiff and Universal.

Moreover, even if Plaintiff could establish that Universal Holdings was the alter ego of Universal, in addition to Universal being a citizen of Delaware it is also a citizen of Florida because Plaintiff alleges that the offices of Universal Holdings are located at the same address as Universal in Ft. Lauderdale. Thus, because a corporation is also a citizen of the state where it has its principal place of business, Universal Holdings' citizenship is not diverse from Plaintiff's citizenship.

Third, Plaintiff completely ignores the fact that under 28 U.S.C. § 1332, there must be diversity of citizenship between Plaintiff and *all* Defendants, not just Universal. Because the other named Defendant, Sheldon Palmes Insurance, Inc. is a Florida corporation - and Plaintiff never suggests otherwise - there also is a lack of diversity

---

[17] Fritz v. American Home Shield Corporation, 751 F.2d 1152, 1153 (11th Cir. 1985).

[18] *Id.*

between Plaintiff and all of the named Defendants.

Lastly, although the Defendant did not raise this issue in its Motion to Dismiss, even if the Court had subject matter jurisdiction over this case, the Plaintiff, Kenneth A. Stoecklin, cannot represent Gagle with regard to the claims in this case under the power of attorney because he is not a lawyer and is representing another individual and not himself. The power of attorney does not grant the right of a non-lawyer to appear in court and act as an attorney on behalf of an individual.[19] While Mr. Stoecklin may have the right under the power of attorney to retain a lawyer to represent him in this case as the agent for Gagle, it does not confer upon him the right to engage in the unlicensed practice of law.

## IV. RECOMMENDATION

In view of the foregoing, it is respectfully **RECOMMENDED** that Defendant's Motion to Dismiss (Doc. 3) be **GRANTED** and that the complaint be **DISMISSED**.[20]

**IN CHAMBERS** in Ocala, Florida, on this 17th day of February, 2010.

GARY R. JONES
United States Magistrate Judge

Copies to:
The Honorable Wm. Terrell Hodges
Senior United States District Judge

Counsel of Record
*Pro Se Party*

---

[19] Weber v. Garza, 570 F.2d 511, 514 (5th Cir. 1978) (holding that powers of attorney executed by two individuals cannot alone authorize a non-lawyer to practice law by preparing legal papers, filing petitions and briefs, and generally acting as an attorney on behalf of the individuals). *See also* Devine v. Indian River County Sch. Bd., 121 F.3d 576, 581-82 (11th Cir. 1997) (stating that the general rule is that parents who are non-lawyers may not represent their children *pro-se* and that the court is unaware of any authority permitting such representation).

[20] In view of the fact that the Court does not have subject matter jurisdiction, Defendant Sheldon Palmes Insurance, Inc.'s Motion To Dismiss For Insufficiency of Service of Process (Doc. 4) is due to be **terminated as moot**.