FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

2010 FEB 25  AM 10: 30

CLERK, U.S. DISTRICT COURT
OCALA, FLORIDA

KENNETH A. STOECKLIN, in his contracted
 capacity as Power of Attorney
            Plaintiff
vs                                              Case No. 5:09-cv-449-OC-10GRJ

UNIVERSAL PROPERTY & CASUALTY INSURANCE CO.
and
SHELDON-PALMES INSURANCE, INC.
            Defendants
_____

MOTION FOR CLERK'S DEFAULT
against
DEFENDANT SHELDON-PALMES INSURANCE, INC
_____

Plaintiff moves this Honorable Court for Clerk's Default against Defendant SHELDON-PALMES INSURANCE, INC., as Complained, and shows unto this Honorable Court that:

1. Victim Merlin S. Gagle *contracted* insurance needs with Insurance Broker, SHELDON-PALMES INSURANCE, INC. Merlin S. Gagle paid Broker for insurance coverage. Insurance Broker *selected* UNIVERSAL PROPERTY & CASUALTY INSURANCE CO. as carrier of subject Homeowner's Policy.

2. Defendant SHELDON-PALMES INSURANCE, INC. (hereafter SHELDON) was properly "served" copy of Complaint and Summons, evidenced by Plaintiff under date of <u>November 9, 2009,</u> and supported by Affidavit.

3.  Counsel for SHELDON filed "Motion to Dismiss" November 10, 2009 *electronically* with Clerk of Courts but **failed to properly serve** Plaintiff with **required** copy of Motion, by any means.

4.  Having lost stay of time for "Motion to Dismiss" by defective "service", SHELDON was faced with timely "Answer" to Complaint; which filing time had expired. Absence of "Answer" to Complaint confirms agreement to all issues in Complaint. Summons served on SHELDON included the wording:

> "*Within 20 days after service of this summons on you....you must serve on the Plaintiff an answer to the attached Complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure... If you fail to respond, judgment by default wil be entered against you for the relief demanded in the complaint...*"

5.  Plaintiff properly filed Motion for Clerk's Default, by mail, on November 10, 2009, but someone in the Clerk's office prepared Order dismissing Clerk's Default based on November 3, 2009 electronic filing with the Court a Motion to Dismiss by UNIVERSAL, to off-set Plaintiff's Motion for Clerk's Default. (the preparer in the Clerk's Office knew that U.S.Mail "serving" of Plaintiff was NOT a part of electronic CM/ECF program ).

6.  In an unexplained circumstance, hours after Plaintiff's appearance at the Clerk of Court's office on <u>November 17, 2009</u>, Counsel for UNIVERSAL sent Plaintiff, "service" of UNIVERSAL'S Motion to Dismiss. See Exhibit A. Informed by Clerk?

7.  In a glaring error of disinformation, this Court's Order of December 4, 2009 (Doc. 13), as supporting data for Order, Page 2, reports:

*"Likewise, Sheldon-Palmes timely filed its Motion to Dismiss on Nov. 10, 2009 (Doc.4) **and notice of the electronic filing of the motion to dismiss was sent to Plaintiff's address.** The docket does not reflect that any mail has been returned to the Court".*

Factually, and by Affidavit, Plaintiff Noticed this Court that required Copy of SHELDON'S Motion to Dismiss was <u>NEVER</u> served on Plaintiff, *by any means,*

hence **invalid Motion to Dismiss by SHELDON.** Invalid data sent by the Clerk's Office to the Court was not supported by Affidavit. Purely suggestion.

CONCLUSION: The predominant factor in this Case is that SHELDON did not "serve" Plaintiff with copy of SHELDON's "Motion to Dismiss"; therefore "Motion to Dismiss" is **invalid.** There are NO valid documents by Defendant SHELDON in this Case.

WHEREFORE, Plaintiff motions this Honorable Court to award Plaintiff's request for **Clerk's Order of Default** against SHELDON, for the Complained Damages of $161,000.00.

Respectfully submitted,

*[signature]*

KENNETH A. STOECKLIN, in his contracted capacity as
    Power of Attorney by and for benefit of Merlin S. Gagle
P.O. Box 307, Crystal River, Fla. 34423
Phone 352-795-5980
e-mail: kstoecklin1@tampabay.rr.com

US C/M 7009 0080 0000 8079 7933

## CERTIFICATION

Plaintiff KENNETH A. STOECKLIN, hereby certifies that a copy of the within Motion for Clerk's Default against Defendant SHELDON-PALMES INSURANCE, INC. . was mailed this 24th day of February, 2010 to Donald L. O'Dell, Esq., c/o Meier, Bonner, Muszynski, O'Dell & Harvey, P.A. 37 North Orange Avenue, Suite 1100, Orlando, Florida 32801 as Counsel for SHELDON-PALMES INSURANCE, INC.

A copy was also mailed this 24th day of February, 2010 to Richard B. Doyle, Jr. Loughren & Doyle, P.A., 506 Southeast Eighth St. Ft. Lauderdale, FL 33316.

_____
KENNETH A. STOECKLIN

## MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFF'S REQUEST FOR CLERK'S ORDER OF DEFAULT

COMES NOW the Plaintiff and files this Memorandum of Law in support of Plaintiff's Request for Clerk's Order of Default against Defendant SHELDON-PALMES INSURANCE, INC.;

A.   With respect to invalid "service" of SHELDON'S "Motion to Dismiss", Plaintiff has shown unto this Court, by Affidavit, that proper "service" was NOT made on Plaintiff by Counsel for SHELDON. This insufficiency of service voids said Motion to Dismiss, having violated FRCivP Rule 5 (b)(2).

B.   Plaintiff is not an admitted member of the Clerk of Court's CM/ECF. electronic submission program, neither qualified nor approved. It is obvious that Counsel for SHELDON presumed, incorrectly, that Plaintiff was a member of the Clerk's CM/ECF electronic submission program.

C.   Deputy Clerk of Courts "Lisa" explained to Plaintiff that the Clerk's CM/ECF electronic program did NOT include forwarding by U.S. Postal Service a mailing of an electronic submission to the Clerk.

D.   The wording of FRCivP 5 (a)(1) states: **"each...paper...must be served on every party"**.

E.   This Honorable Court, in Case No. 5:08-cv-88-OC-10 GRJ, (William L. Black vs ALTERNATIVE PAINTING SQUARED, INC.), is the complete reversal of this Case, but stated in Footnote 10:

"Under the circumstances, the Court concludes that seven days is a "reasonable

time" under Rule 5 (d)(1)".

F.  This Honorable Court may consider sharing liability in this Case with UNIVERSAL PROPERTY & CASUALTY INSURANCE CO. inasmuch as UNIVERSAL's Motion to Dismiss was "served" on Plaintiff beyond the "reasonable time of seven days" opined by this Court. above.

G.  Plaintiff Replied to SHELDON'S Motion to Dismiss "conditionally", reserving Condition 2 - No timely or proper service on Plaintiff of Motion to Dismiss.

*[signature]*
KENNETH A. STOECKLIN

LAW OFFICES
**LOUGHREN AND DOYLE, P.A.**
506 SOUTHEAST EIGHTH STREET
FORT LAUDERDALE, FLORIDA 33316
LD@LOUGHREN-DOYLE.COM

JOSEPH M. LOUGHREN*
*ALSO ADMITTED IN PENNSYLVANIA
RICHARD B. DOYLE, JR.
COLLEEN BRANNELLY
NICHOLAS J. REISING, JR.
ARMANDO RODRIGUEZ
KATHERINE A. HERCHER
ANTHONY J. RENALDO

TELEPHONE
(954) 525-6006
FACSIMILE
(954) 525-8012

November 18, 2009

**VIA US MAIL AND E-MAIL:**   **kstoecklin1@tampabay.rr.com**

Mr. Kenneth A. Stoecklin
Post Office Box 307
Crystal River, Florida 34423

    RE:  Merlin Gagle
          Universal Claim No.: 09-5904
          Universal Policy No.: 592-057-081
          Our File No.:     09560*JML

Dear Mr. Stoecklin:

    Please find enclosed a copy of the Motion to Dismiss for Lack of Subject Matter Jurisdiction which this office filed on behalf of Universal Property & Casualty Insurance Company, on November 3, 2009.

    Please direct all future pleadings and/or correspondence regarding this matter to this office, as counsel for Universal Property & Casualty Insurance Company.

    Please contact my Legal Assistant, Wanda Smith, in order to schedule a conference of all counsel for completion of the required Case Management Report. Please note that a Motion to Dismiss has also been filed by counsel for the Co-Defendant, Sheldon Palmes Insurance, Inc., who will need to participate in any Case Management Conference.

    Should you have any questions regarding this matter, please contact this office at your convenience.

                               Very truly yours,

                               RICHARD B. DOYLE, JR.

RBD/smc

Enclosure:    As referenced above.